IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02461-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CETERA ADVISORS LLC, and
CETERA ADVISORS NETWORKS LLC,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff has filed a Motion to Strike the Defendants' Second Affirmative Defense ("Motion to Strike"). ECF 70.[1] Defendants' Second Affirmative Defense in its First Amended Answer and Affirmative Defenses alleges that the SEC failed to provide fair notice of the legal standard on which the SEC is now seeking to impose a fiduciary duty standard for Defendants' collection of "12b-1 fees" from their clients. ECF 68 at 23-24. I believe the Second Affirmative Defense as currently worded is more in the nature of a 12(b)(6) "failure to state a claim," but that, as clarified by Defendants' Response, could be re-phrased to constitute a proper Rule 8(c)(1) defense. Therefore, the Motion to Strike is granted, with leave given to file an amended Second Affirmative Defense. In the alternative, because the defense is more in the nature of a general defense, and

---

[1] After the Motion to Strike was fully briefed, Defendants filed a Motion for Leave to File Supplemental Response ("Motion for Leave"). ECF 93. The Motion for Leave is granted, and the Court accepts the supplemental response at ECF 93-1.

Defendants' ability to pursue its "due process" argument will be preserved in this case, Defendants may elect to forego submitting an amended affirmative defense.

I have previously entered an order stating the factual background of this dispute. As is relevant here, the SEC has alleged that Defendants recommended, purchased, and held, on behalf of their clients, shares in mutual fund "share classes" that charged 12b-1 fees. The SEC further alleges that Defendants could have invested their clients' money in lower-cost, otherwise identical investments that cost their clients less. According to the SEC, Defendants should have disclosed these differences in costs to their clients and the alleged conflict of interest that Defendants' practices engendered. The SEC alleges that this practice benefitted Defendants financially in an amount greater than $10 million. The SEC asserts that this practice violated Section 206(2) of the 1940 Advisers Act, 15 U.S.C. § 80b-6(4) and Rule 206(4)-7, 17 C.F.R. § 275.206(4)-7. As explained in the Motion to Strike, the SEC asserts that the 1940 Advisers Act, by its terms, requires Defendants to disclose conflicts of interest such as those described above.

On its face, the Second Affirmative Defense asserts that there is no "statutory or regulatory support" for the claim that the 1940 Advisers Act creates a fiduciary duty under the circumstances alleged in the Complaint. However, in their Response, Defendants state that they do "not challenge the SEC's use of Section 206(2) and the case law interpreting it . . . [n]or . . . that, under Section 206(2) . . ., an investment adviser owes a fiduciary duty to its clients, is required to disclose material facts regarding a conflict of interest, and owes a duty of best execution." ECF 73, at 10. The Response explains the essence of Defendants' objections: The SEC is inappropriately attempting "to establish a new standard requiring all advisers to (1) specifically disclose the conflict presented

by 12b-1 fees in terms of share classes and the incentive to recommend share classes that pay12b-1 fees when other lower-cost share classes are available, and (2) always select the lower-cost share class regardless of circumstances, as failure to do so 'almost always' results in a breach of fiduciary duty and a failure to achieve best execution." *Id.*, at 11.  Defendants state this is inappropriate because the SEC, in establishing this new standard, is proceeding by means of an internal initiative, settled administrative orders, and "October 2019 FAQs" rather than by established rule-making procedures.  However, the Second Affirmative Defense as currently worded does not make this allegation.  Therein lies the disconnect – I do not believe the Second Affirmative Defense properly articulates Defendants' argument as clarified in their Response.  Notably, the SEC denies that it is attempting to create a new standard or that it is relying on anything other than the language of the 1940 Advisers Act as interpreted by subsequent case law and rule-making.

The truth (or even relevance) of Defendants' allegations and the SEC's denials cannot be decided on this Motion to Strike and the limited record that exists in this case.  Ultimately, it will be the Court's role to identify and apply the relevant law and determine whether such law as relied upon by the SEC in the Complaint, in light of the underlying facts, supports liability of the Defendants in this case.

Thus, while I believe Defendants' arguments are more in the form of a general defense that is preserved for purposes of raising at the appropriate time in this case, in light of the reluctance of the courts to strike affirmative defenses (usually described as a severe or "drastic remedy" and thus "generally disfavored," *Sender v. Mann*, 423 F. Supp.2d 1155, 1163 (D. Colo. 2006)), I will permit Defendants to reassert a Second Affirmative Defense in a separately filed second amended answer. However, as noted above, I do not believe this is necessary for purposes of raising this argument

later; thus, Defendants alternatively need not go through the expense of drafting an amended pleading.

What appears to be at the heart of the SEC's motion is its concern that in asserting the Second Affirmative Defense, Defendants are attempting to divert attention from their own conduct and are going on the offensive by raising irrelevant objections to the SEC's motive in pursuing this case. In the main, I agree with the SEC on this point. Again, as noted above, the Court will determine the breadth of the law insofar as Defendants' conduct is concerned. The First Claim for Relief in the Amended Complaint alleges a violation of Section 206(2) of the Adviser's Act. That is the law that the Court will apply. The Second Claim for Relief alleges a violation of Section 206(4) and Rule 206(4)-7 of the Advisers Act. Again, the Court will look to that source of law in determining whether a cause of action can be sustained under these facts. It is that simple. Any discovery into the motive of the SEC in pursuing this action, or the SEC's approach in other cases, appears irrelevant.

## CONCLUSION

For the reasons stated above, the Motion for Leave [filed September 21, 2020; ECF 93] is **granted**, and the Motion to Strike [filed July 1, 2020; ECF 70] is **granted**, with leave given to file an amended Second Affirmative Defense.

Dated at Denver, Colorado, this 25th day of September, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge