IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02461-MEH

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

CETERA ADVISORS, LLC, and
CETERA ADVISOR NETWORKS, LLC,

        Defendants.

---

**FINAL JUDGMENT AS TO CETERA ADVISORS LLC AND CETERA ADVISOR NETWORKS LLC**

---

The Securities and Exchange Commission ("Commission") having filed a Second Amended Complaint ("Complaint") and Defendants Cetera Advisors LLC ("Cetera Advisors") and Cetera Advisor Networks LLC ("Cetera Networks") (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**SECTION 206(2) OF THE ADVISERS ACT**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(2)], the Defendants are permanently restrained and enjoined from violating, directly or indirectly, while

acting as investment advisers, by use of the mails or means and instrumentalities of interstate commerce, from engaging in transactions, practices, and courses of businesses which operate as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

## II.

### SECTION 206(4) AND RULE 206(4)-7 OF THE ADVISERS ACT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser registered or required to be registered with the Commission, to provide investment advice to clients without adopting and implementing written policies and procedures reasonably designed to prevent violation, by Defendant or Defendant's supervised persons, of the Advisers Act and the rules the Commission has adopted under the Adviser Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) the

Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

III.

**DISGORGEMENT AND CIVIL PENALTY**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants are jointly and severally liable for disgorgement of $5,614,509 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $990,961.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Cetera Advisors shall pay a civil penalty in the amount of $1,000,000 pursuant to Section 209(e) of the Advisers Act.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Cetera Networks shall pay a civil penalty in the amount of $1,000,000 pursuant to Section 209(e) of the Advisers Act.

IV.

**ESCROW AND PAYMENT PLAN**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants shall collectively pay the total disgorgement, prejudgment interest, and individually pay their respective penalty amounts, for a total amount due of $8,605,470, plus any accrued post-judgment interest in three installments to the Commission according to the following schedule:  (1)  within 14 days of entry of this Final Judgment the escrow agent (for the account previously set up and funded by Defendants pursuant to the Defendants' agreement in the

3

Consent to Final Judgment of Cetera Advisors LLC and Cetera Advisor Networks LLC) shall pay the entire $4,605,470 to the Commission that has been escrowed; (2) within 90 days of entry of this Final Judgment the Defendants shall pay $2,000,000 to the Commission; and (3) within 180 days of entry of this Final Judgment the Defendants shall pay $2,000,000, plus any accrued post-judgment interest to the Commission.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment, then to prejudgment interest, then to disgorgement, and then applied towards payment of civil penalties. Prior to making the final payment set forth herein, counsel for the Defendants shall contact the staff of the Commission for the amount due for the third and final payment.

If the Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

       Enterprise Services Center
       Accounts Receivable Branch
       6500 South MacArthur Boulevard
       Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Cetera Advisors and Cetera Networks are the Defendants in this action; and specifying that payment is made pursuant to this Final Judgment and for which Defendant or Defendants the payment is being made.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, the Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendants.

The Commission may enforce the Court's Final Judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt on any unpaid amounts that are due at any time after 14 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post-judgment interest on any amounts due after 14 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, the Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Defendants' payment of civil penalties in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalties imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

## CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent to Final Judgment of Cetera Advisors LLC and Cetera Advisor Networks LLC ("Consent") is incorporated herein with the same force and effect as if fully set forth herein.

## VI.

## COURT RETAINS JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the Consent.

Respectfully submitted this 13th day of October, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge